UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHERYL LE CRIPPS,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. WADE K. JENSEN, MD; AND CNOS/SIOUXLAND SURGERY CENTER,<br><br>    Defendants. | 4:14-CV-04091-VLD<br><br>ORDER ON DEFENDANTS' MOTION FOR SANCTIONS |

  This matter is before the court on plaintiff Sheryl Le Cripps' *pro se* complaint against defendants for medical malpractice for a hip surgery performed by defendant Dr. Wade K. Jensen on February 11, 2011.  See Docket No. 1.  Jurisdiction is premised on the court's diversity jurisdiction, 28 U.S.C. § 1332, as Ms. Cripps is a resident of Iowa and she alleges defendants are citizens of South Dakota.  Id.

  Ms. Cripps and defendants' attorney held a Form 52 conference on August 7-8, 2014, during which they agreed upon various deadlines for the conduct of this case.  See Docket No. 9.  Thereafter, the court issued a scheduling order setting a deadline of February 27, 2015 and May 29, 2015, for plaintiff and defendant (respectively) to disclose the identities of their experts; March 1, 2015 and February 2, 2015, for plaintiff and defendant (respectively) to move to amend pleadings or join new parties; March 16, 2015,

for discovery; June 1, 2015 for all motions to be filed; October 5, 2015 for a pretrial conference; and November 17, 2015 for a jury trial. See Docket No. 11.

On September 22, 2014, Ms. Cripps filed a general request for a continuance, citing continued health issues. See Docket No. 12. No mention is made in Ms. Cripps' motion of the fact that defendants had previously served her with requests for the production of documents and interrogatories. Id. Defendants responded to Ms. Cripps' motion by stating that they did not object to the continuance and would agree to grant Ms. Cripps until December 30, 2014 to file responses to defendants' first set of interrogatories and requests for the production of documents. See Docket No. 13. The court thereafter entered an order granting Ms. Cripps until January 30, 2015 to respond to defendants' first set of discovery requests. See Docket No. 14.

Defendants have now filed what is styled a motion for sanctions. See Docket No. 17. In it, they aver that Ms. Cripps never responded to defendants' first set of discovery requests prior to the court's deadline of January 30, 2015. Id. Defendants request an extension of the discovery deadline so as to allow parties to provide discovery (once it is received) to their experts. Id. Finally, defendants request that the court dismiss all claims against CNOS/Siouxland Surgery Center as Ms. Cripps makes no allegations against this defendant in her complaint. Id.

Ms. Cripps responded by requesting a six-month delay or until the South Dakota Board of Medical and Osteopathic Examiners has completed their

investigation.  See Docket No. 18.  Ms. Cripps explains that the investigation is very pertinent to the discovery of her case.  Id.

The basis stated by Ms. Cripps in her filing would certainly provide a basis for delaying a decision on a dispositive motion or for delaying the trial, but it is not a valid basis for her to refuse to respond to defendants' discovery.  There are no doubt many issues in this case:  Dr. Jensen's negligence, including whether his treatment of Ms. Cripps fell below the standard of care, is only one of many issues.  The parties will also have to address Ms. Cripps' medical and physical conditions, whether those conditions were caused by negligence of any defendant, whether Ms. Cripps' damage is permanent, and what the value of all her damages are should liability be established.

Every party to a civil lawsuit has a duty to comply with the reasonable and relevant discovery requests of the opposing party in accord with the Federal Rules of Civil Procedure.  The court recommends to Ms. Cripps that she familiarize herself with Federal Rules of Civil Procedure 12, 26, 30-37, and 56.

Neither party has filed defendants' first set of discovery with the court, but Ms. Cripps does not object to that discovery on the basis of irrelevance, overbreadth, undue burden or any other basis.  She simply wants to wait to respond to the discovery until the licensing board concludes its investigation of Dr. Jensen.  See Docket No. 18.

One of the matters defendants seek information about is Ms. Cripps' current medical condition, including her past medical records. That issue is not going to change depending on the board's investigation of Dr. Jensen. Ms. Cripps is either injured or she is not, her injuries are either ongoing or resolved. Ms. Cripps, by filing her complaint, has placed her medical condition in issue in this litigation. Defendants have a right to inquire into that condition and they are not required to wait until events potentially bearing on Dr. Jensen's liability are resolved.

Accordingly, the court hereby

ORDERS that Ms. Cripps provide written responses to defendants' first set of discovery requests no later than March 30, 2015. **The court hereby notifies Ms. Cripps that if she does not timely respond to defendants' discovery requests, there will be sanctions ordered against her. Sanctions may include the entry of an order that prevents Ms. Cripps from contesting the matters inquired about in defendants' discovery requests. Sanctions may also include dismissal of Ms. Cripps' claim.** It is further

ORDERED that defendants' motion to extend the deadline for discovery in this case is granted. An amended scheduling order will be issued separately which sets forth new deadlines. It is further

ORDERED that defendants' motion to dismiss CNOS/Siouxland Surgery is denied. Defendants have not filed a proper motion to dismiss, which may be done under Fed. R. Civ. P. 12(b)(6) or 56. The court will not rule on such a

request absent, at minimum, a memorandum containing facts and legal authority.

DATED this 4th day of March, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge