UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHERYL LE CRIPPS,<br><br>               Plaintiff,<br><br>vs.<br><br>DR. WADE K. JENSEN, MD; AND CNOS/SIOUXLAND SURGERY CENTER,<br><br>               Defendants. | 4:14-CV-04091-VLD<br><br>ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>DOCKET NOS. 28 & 32 |

## INTRODUCTION

This matter is before the court on plaintiff Sheryl Le Cripps' *pro se* complaint against defendants for medical malpractice for a hip surgery performed by defendant Dr. Wade K. Jensen on February 15, 2011. See Docket No. 1. Jurisdiction is premised on the court's diversity jurisdiction, 28 U.S.C. § 1332, as Ms. Cripps is a resident of Iowa and she alleges defendants are citizens of South Dakota. Id. This court has jurisdiction over this case premised on the consent of the parties. See 28 U.S.C. § 636(c) and Docket No. 10. Now pending are two motions by defendants for summary judgment. See Docket Nos. 28 & 32.

## FACTS

Ms. Cripps filed her complaint with the court on June 10, 2014. See Docket No. 1. In her complaint, Ms. Cripps alleges defendant Dr. Wade K.

Jensen performed left hip revision surgery on her on February 15, 2011 at the facility of defendant CNOS/Siouxland. Id.  She alleges Dr. Jensen installed a Stryker cobalt head during surgery, then failed to monitor Ms. Cripps for metal toxicity and failed to monitor her for side effects of cobalt toxicity. Id.  When Ms. Cripps continued to complain of pain in her hip, she alleges Dr. Jensen prescribed Voltaren gel to be applied topically to her hip.  Ms. Cripps alleges Dr. Jensen's treatment was negligent and, because of his negligence, she experienced two hip dislocations, had to have a football-sized tumor and one gallon of fluid removed, and had to have her pelvis repaired. Id. Ms. Cripps alleges the Stryker head was recalled, that notice of the recall was sent to Dr. Jensen, but that Dr. Jensen denied this. Id.

Following the filing of Ms. Cripps' complaint, she and defendants' attorney held a Form 52 conference on August 7-8, 2014, during which they agreed upon various deadlines for the conduct of this case. See Docket No. 9. Thereafter, the court issued a scheduling order setting a deadline of February 27, 2015 and May 29, 2015, for plaintiff and defendant (respectively) to disclose the identities of their experts; March 1, 2015 and February 2, 2015, for plaintiff and defendant (respectively) to move to amend pleadings or join new parties; March 16, 2015, for discovery; June 1, 2015 for all motions to be filed; October 5, 2015 for a pretrial conference; and November 17, 2015 for a jury trial. See Docket No. 11.

On September 22, 2014, Ms. Cripps filed a general request for a continuance, citing continued health issues. See Docket No. 12. No mention was made in Ms. Cripps' motion of the fact that defendants had previously served her with requests for the production of documents and interrogatories. Id. Defendants responded to Ms. Cripps' motion by stating they did not object to the continuance and would agree to grant Ms. Cripps until December 30, 2014 to file responses to defendants' first set of interrogatories and requests for the production of documents. See Docket No. 13. The court thereafter entered an order granting Ms. Cripps until January 30, 2015 to respond to defendants' first set of discovery requests. See Docket No. 14.

Defendants then filed what they styled a motion for sanctions. See Docket No. 17. In it, they averred that Ms. Cripps never responded to defendants' first set of discovery requests prior to the court's deadline of January 30, 2015. Id. Defendants requested an extension of the discovery deadline so as to allow parties to provide discovery (once it was received) to their experts. Id. Defendants also requested that the court dismiss all claims against CNOS/Siouxland Surgery Center as Ms. Cripps made no allegations against it in her complaint. Id.

Ms. Cripps responded by requesting a six-month delay or until the South Dakota Board of Medical and Osteopathic Examiners had completed an investigation. See Docket No. 18. Ms. Cripps explained the investigation is very pertinent to the discovery of her case. Id. Because most of the discovery

3

requests propounded by defendants had nothing to do with their liability, and mostly concerned Ms. Cripps' damages and medical history, the court ordered Ms. Cripps to respond to defendants' discovery requests.  See Docket No. 20.  The court directed Ms. Cripps to read Federal Rules of Civil Procedure 12, 26, 30-37 and 56 as to her obligations with regard to future actions in this lawsuit.  Id. at p. 3.  The court ordered that Ms. Cripps provide defendants with her discovery responses no later than March 30, 2015.  Id.  The court warned Ms. Cripps that failure to timely respond to defendants' discovery requests would result in sanctions against her, which might include dismissal of her claims.  Id.  The court declined to dismiss CNOS/Siouxland Surgery because defendants did not properly support their request.  Id.

Thereafter, defendants filed a motion to dismiss CNOS/Siouxland Surgery because Ms. Cripps had never served that defendant with a copy of her complaint and a summons and over 300 days had elapsed since the filing of her complaint with the court.  See Docket No. 22.  Defendants simultaneously moved for sanctions because Ms. Cripps still had not responded to their discovery requests by the court's deadline of March 30, 2015.  See Docket No. 23.

The court entered an order to show cause giving Ms. Cripps 21 days to serve CNOS/Siouxland and to file proof of service or to show good cause why she had not yet served that defendant.  See Docket No. 24.  Thereafter,

4

Ms. Cripps served CNOS/Siouxland. See Docket No. 29 (defendants' representation that CNOS/Siouxland had now been served); Docket No. 26 (summons for CNOS/Siouxland with blank proof of service). She responded to defendants' motion for sanctions by filing her discovery responses with the court. See Docket No. 27.

Now defendants have filed two summary judgment motions. See Docket Nos. 28 and 32. In the first motion, defendants argue that this court lacks subject matter jurisdiction and, therefore, Ms. Cripps' complaint should be dismissed. See Docket No. 28. In the second motion, defendants move for summary judgment on the basis that Ms. Cripps' medical negligence claim is time-barred by the applicable two-year statute of limitations. See Docket No. 32. Federal Rule of Civil Procedure 56 requires that a party who receives a motion for summary judgment from an adverse party must respond to that motion. See FED. R. CIV. P. 56. Although the court has previously directed Ms. Cripps to read FED. R. CIV. P. 56, among other rules, Ms. Cripps has not filed a response to either of defendants' motions.

**DISCUSSION**

**A. Defendants' Motion for Summary Judgment on Statute of Limitations Grounds (Docket 32)**

**1. Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp., 600 F.3d 954, 957 (8th Cir. 2010) (per curiam). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In this district, local rules require a movant to file with its summary judgment motion "a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." See DSD LR 56.1A. "Each material fact [must] be presented in a separate numbered statement with an appropriate citation to the record in the case." Id.

Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp., 600 F.3d 954, 957 (8th Cir. 2010) (per curiam). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In this district, local rules require a movant to file with its summary judgment motion "a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." See DSD LR 56.1A. "Each material fact [must] be presented in a separate numbered statement with an appropriate citation to the record in the case." Id.

Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must

properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)).  By local rule, a nonmoving party must "respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record."  See DSD LR 56.1B.

The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment.  Anderson, 477 U.S. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2725, at 93–95 (3d ed. 1983)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Id. at 247–48.

Essentially, the availability of summary judgment turns on whether a proper jury question is presented:  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250.

7

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall issue in favor of the movant only if there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law. Therefore, even where a summary judgment motion is unopposed, the court must still determine if summary judgment is appropriate. See Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) (failure by nonmoving party to respond to summary judgment motion is not dispositive of the motion); United States v. One Parcel of Real Property, 27 F.3d 327, 329 n.1 (8th Cir. 1994) (same); FED. R. CIV. P. 56, Advisory Committee Notes to 2010 amendment, subdivision (e) (stating "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

Although Ms. Cripps' pleadings are entitled to be liberally construed because she is proceeding *pro se* (see Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)), nevertheless the requirements of FED. R. CIV. P. 56 still apply to her. Quam v. Minnehaha County Jail, 821 F.2d 522, 522 (8th Cir. 1987). Liberal construction means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework." Jackson, 747 F.3d at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)). Liberal construction does not require the court to scour the record to determine if a genuine issue of

material fact exists.  Satcher v. Univ. of Ark. At Pine Bluff Bd. Of Trs., 558 F.3d 731, 735 (8th Cir. 2009).

### 2. Whether Ms. Cripps' Claim is Time-Barred

The court notes that defendants, who are represented by counsel, failed to follow local rules and file a separate statement of material facts in support of their motion for summary judgment.  Compare DSD LR 56.1A with Docket Nos. 32 & 33.  Nevertheless, the court considers their motion on the merits.  Both parties would be well-advised to heed the court's direct advice to read the rules of civil procedure, including local rules of this district, and abide by those rules in future pleadings.

Defendants assert that Ms. Cripps' claim is barred by the applicable statute of limitations.  This matter is before this court pursuant to the grant of diversity jurisdiction.  See 28 U.S.C. § 1332.  In diversity cases, state law controls as to the substantive claims, while federal law governs procedural questions.  Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).  Here, the action is pending in the District of South Dakota and the actions allegedly giving rise to Ms. Cripps' claims took place in South Dakota, so South Dakota state law applies to her claims and defendants' defenses.  Chambers v. Dakotah Charter, Inc., 488 N.W.2d 63, 65 (S.D. 1992).

Under South Dakota law, medical malpractice actions such as Ms. Cripps' claims are subject to a two-year statute of limitations.  See SDCL § 15-2-14.1.  Where the claim involves allegations of continuing treatment by

the physician, including failure to inform the patient that there was a problem with something surgically placed in her body, under the continuing treatment doctrine the statute of limitations begins to run only after the treatment by that physician for that condition is concluded.  See Schmiedt v. Loewen, 2010 S.D. 76, ¶¶ 11-22, 789 N.W.2d 312-19.

Here, defendants correctly assert that defendant Dr. Jensen performed hip surgery on Ms. Cripps on February 15, 2011, and that Ms. Cripps filed her lawsuit with this court on June 10, 2014, more than two years after the surgery.  However, Ms. Cripps clearly alleges that Dr. Jensen continued to treat her after the surgery, that his post-surgery treatment was itself negligent, and that Dr. Jensen lied to her about the fact that he used a Stryker head when he performed the hip replacement surgery.  See Docket Nos. 1; 27-10 at p. 3.  The exact dates for these events, including the last date Dr. Jensen treated Ms. Cripps for her hip are not indicated by defendants.  Ms. Cripps told defendants in her discovery responses that she saw Dr. Jensen at least as late as June 11, 2012.  See Docket No. 27-10 at p. 3.  Because Ms. Cripps filed her lawsuit with this court on June 10, 2014, if the continuing treatment doctrine applies in this case, then Ms. Cripps' claims were timely asserted because they were asserted within two years of the last date of treatment by Dr. Jensen.

In addition, the court notes that Ms. Cripps alleges she underwent surgery on her hip at the Mayo Clinic on November 13, 2013.  See Docket No. 33-1 at p. 8; Docket No. 27-12 at p. 2.  If, upon having this surgery, this was

the first time Ms. Cripps discovered that Dr. Jensen in fact used a Stryker head in her surgery, the doctrine of fraudulent concealment may apply to delay the running of the statute of limitations until this date. See Bruske v. Hille, 1997 S.D. 108, ¶¶ 9-11, 567 N.W.2d 872, 875-76.

Examining the record in this case, including the documents relied upon by defendants in support of their motion for summary judgment (see Docket No. 33-1), the court concludes summary judgment in favor of defendants on the statute of limitations issue is not appropriate under Rule 56. Defendants have failed to demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Accordingly, the court denies this motion by defendants.[1]

**B.     Summary Judgment Based on Assertion of Lack of Jurisdiction (Docket 28)**

   **1.     Standard Applicable to Motions as to Subject Matter Jurisdiction**

Motions to dismiss for lack of subject matter jurisdiction arise under Federal Rule of Civil Procedure 12(b)(1). See FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) "can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary

---

[1] When an attorney signs pleadings and files them with a federal court, he is making a representation that the facts alleged in the pleading have evidentiary support and the law is warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. See FED. R. CIV. P. 11. The court is concerned by defense counsel's selective representation of the state of the facts by never acknowledging that Dr. Jensen continued to treat Ms. Cripps after the date of her hip surgery.

judgment motion; and on disputed facts." Jessie v. Potter, 516 F.3d 709, 712 (8th Cir. 2008) (citing Osborn v. United States, 918 F.2d 724, 728–30 (8th Cir. 1990)). If the motion is to be decided on disputed facts, the court may conduct an evidentiary hearing and make findings. Id. By contrast, if the argument is that the facts fail to state a claim, the motion must be resolved on the pleadings alone and a motion akin to summary judgment may not resolve disputed factual issues. Id. In resolving a motion under Rule 12(b)(1), the court may consider matters outside the pleadings without converting the motion to one for summary judgment. Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998).

It is axiomatic that this court must have subject matter jurisdiction before it may rule on the merits on other remaining issues raised in the parties' motions. See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010); Lang v. Napolitano, 596 F.3d 426, 429 (8th Cir. 2010). Even if the parties do not raise the issue of subject matter jurisdiction, the court would be obligated to raise it *sua sponte*. See Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011).

Federal courts are courts of limited jurisdiction–they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III. Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803). A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. 12(b)(1) challenges the court's

authority and competence to hear the case pending before it.  5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1350, at 64 (3d ed. 2004); Yankton Sioux Tribe v. United States Army Corps of Engineers, 194 F. Supp. 2d 977, 983 (D.S.D. 2002).  "[I]t is a cardinal rule upheld by countless federal cases that the parties may not create or destroy jurisdiction by agreement or by consent."  5B Fed. Practice & Procedure, § 1350, at 128.  The issue of a federal court's subject matter jurisdiction, or lack thereof, is central to the tenants of judicial federalism, the distribution of judicial power between state and federal courts.  Id. at 120-33.

**2. Application of the Rule 12(b)(1) Standard to Defendants' Motion**

Defendants argue that the requirement of complete diversity of citizenship as between Ms. Cripps and the defendants does not exist. Specifically, defendants argue that defendant CNOS/Siouxland is a resident of Iowa, like Ms. Cripps, thereby destroying complete diversity of citizenship among the parties.

Section 1332 of Title 28 of the United States Code grants federal courts the power to hear cases where the adverse parties have citizenship in different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity among adverse parties—each defendant must reside in a state other than the plaintiff's state of residency. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  Whether diversity

13

jurisdiction exists is to be determined as of the date the complaint is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71, 582 (2004).

Defendant Dr. Jensen is a resident of the state of South Dakota according to Ms. Cripps' complaint, a fact with which defendants take no issue. Ms. Cripps is a resident of the state of Iowa, again a fact not contested by defendants.

Defendant CNOS/Siouxland is an Iowa limited liability partnership according to defendants. Ms. Cripps alleges in her complaint that CNOS/Siouxland has its office in South Dakota. See Docket No. 1. However, the "residency" of a partnership is not limited to the location of the partnership principal place of business. Instead, a partnership is considered to be a "resident" of each state in which each of its partners reside. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1003 (8th Cir. 1990). Defendants allege that, at the time Ms. Cripps filed her complaint in this matter, two of its partners were residents of the state of Iowa. See Docket Nos. 28-31. Accordingly, there is not complete diversity of citizenship in this case because Ms. Cripps and defendant CNOS/Siouxland are both citizens of the state of Iowa. Carden, 494 U.S. at 195-96; Alumax Mill Products, Inc., 912 F.2d at 1003-04. On this basis, defendants ask this court to dismiss Ms. Cripps' complaint.

Defendants fail to acknowledge, however, that the presence of a non-diverse defendant does not necessarily require dismissal of the entire action.[2] Alumax Mill Products, Inc., 912 F.2d at 1003-04. Instead, under Federal Rules of Civil Procedure 19 and 21, the court may dismiss the nondiverse defendant, thus restoring complete diversity of citizenship, and the action can go forward in federal court. See 13F Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, §§ 3630 and 3630.1 (3d ed. Apr. 2015).

Rule 19(a) provides that parties should be joined to an action (1) if complete relief cannot be accorded among all the parties; (2) if failure to join the party may impair or impede that party's ability to protect an interest that is the subject of the lawsuit; or (3) if an existing party in the lawsuit may be subjected to a substantial risk of double, multiple, or inconsistent obligations should the party not be joined. See FED. R. CIV. P. 19(a). However, in order to join a party pursuant to Rule 19(a), that party must be subject to service of process and their joinder cannot destroy the court's subject matter jurisdiction. Id.

If the necessary party cannot be joined because they are either not subject to service of process or joinder will destroy the court's subject matter jurisdiction, the court must decide whether to allow the lawsuit to proceed

---

[2] See footnote number 1 regarding counsel's obligations under Rule 11. In addition, ethical rules require a duty of candor to the court, particularly regarding the state of the law.

15

without that party or to dismiss the entire case.  See FED. R. CIV. P. 19(b).  Rule 19(b) states:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

See FED. R. CIV. P. 19(b).

Rule 21 states that misjoinder of a party is not grounds for dismissing a lawsuit.  See FED. R. CIV. P. 21.  Instead, the court may at any time, on its own motion or on a motion by a party, add or drop a party or sever any claim against a party.  Id.

The court turns to an evaluation of Ms. Cripps' complaint.  In that document, Ms. Cripps makes only two factual allegations regarding defendant CNOS/Siouxland.  She states that defendant Dr. Jensen is a practicing physician with defendant CNOS/Siouxland.  See Docket No. 1.  And she states

16

that Dr. Jensen performed Ms. Cripps' hip surgery at the facility owned by CNOS/Siouxland. Id. Ms. Cripps never alleges that CNOS/Siouxland committed any negligence itself, such as negligent hiring, training, supervising or granting of privileges regarding Dr. Jensen. Ms. Cripps never alleges that CNOS/Siouxland had any knowledge that Dr. Jensen performed surgery negligently or that he allegedly falsely told Ms. Cripps that he did not use a Stryker head in her hip surgery. In short, as defendants themselves recognized in an earlier pleading filed with this court, Ms. Cripps has failed to allege any claim whatsoever against CNOS/Siouxland. See Docket No. 17 at p. 2; and Docket No. 17-2.

Because Ms. Cripps has alleged no claim against CNOS/Siouxland, there is no danger of any prejudice to CNOS/Siouxland, Dr. Jensen, or Ms. Cripps if the court dismisses CNOS/Siouxland. Accordingly, pursuant to Rule 19 and 21 of the Federal Rules of Civil Procedure, the court will dismiss CNOS/Siouxland from this lawsuit. The ejection of that party from this lawsuit restores complete diversity among the parties. Therefore, the court denies defendants' motion to dismiss Ms. Cripps' complaint.

## CONCLUSION

Based upon the foregoing law, facts, and analysis, it is hereby

ORDERED that defendants' first motion for summary judgment based on lack of complete diversity [Docket No. 28] is granted in part and denied in part as follows:

1. defendant CNOS/Siouxland is hereby dismissed from this lawsuit as a party to this action; and

2. defendants' motion to dismiss Ms. Cripps' complaint is denied.

It is further

ORDERED that defendants' second motion for summary judgment based on statute of limitations [Docket No. 32] is denied.

DATED this 19th day of August, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge